IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

TERRY EARL HARVEY THOMPSON,  )
                             )
                Plaintiff,   )       Civil Case No. 08-430-KI
                             )
        vs.                  )       OPINION AND ORDER
                             )
OREGON DEPARTMENT OF         )
CORRECTIONS, et al.,         )
                             )
                Defendants.  )
                             )


        Terry Earl Harvey Thompson
        Snake River Correctional Institution
        777 Stanton Boulevard
        Ontario, Oregon  97914-8335

            Pro Se Plaintiff

Hardy Myers
Attorney General
Kristin A. Winges
Katharine Von Ter Stegge
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon  97301-4096

    Attorneys for Defendants


KING, Judge:

Plaintiff Terry Earl Harvey Thompson became a partial paraplegic after injuring his spinal cord in 1986.  He has used a wheelchair since 1993.  Thompson was committed to the custody of the Oregon Department of Corrections ("ODOC") in August 1996 and has been incarcerated at Snake River Correctional Institution ("SRCI") for most of the time since January 21, 1999.  Thompson alleges claims against many ODOC employees, with most of the defendants providing health care at SRCI.  Thompson's claims allege that he is not getting appropriate health care for his serious medical conditions, that he is discriminated against because of his disabilities, and that he is retaliated against because of his complaints.  The claims are alleged under the United States and Oregon Constitutions, the Americans with Disabilities Act, and the Rehabilitation Act.  Before the court is Defendants' Unenumerated 12B Motion to Dismiss for Failure to Exhaust (#18).  For the reasons below, I grant the motion.

## LEGAL STANDARDS

The Prison Litigation Reform Act's ("PLRA") exhaustion requirement creates an affirmative defense that must be raised and proven by defendants.  Wyatt v. Terhune, 315 F.3d

1108, 1119 (9th Cir.), cert. denied, 540 U.S. 810 (2003).  Because the failure to exhaust

nonjudicial remedies is not jurisdictional under the PLRA, the defense is treated as a matter in

abatement and is subject to an unenumerated motion to dismiss rather than a motion for summary

judgment.  The court may look beyond the pleadings and decide disputed issues of fact.  If the

prisoner has not exhausted nonjudicial remedies, the court should dismiss the claim without

prejudice.  Id. at 1119-20.

The PLRA's exhaustion requirement applies to claims under the Americans with

Disabilities Act and the Rehabilitation Act, in addition to constitutional claims.  O'Guinn v.

Lovelock Corral. Ctr., 502 F.3d 1056, 1062 (9th Cir. 2007).

## DISCUSSION

Defendants ask me to dismiss Thompson's claims because he failed to exhaust his

administrative remedies with respect to the issues in his complaint.  Although Thompson has

filed several grievances over his medical concerns, he has not appealed any of the responses.

Thompson also has not filed a discrimination complaint and thus did not utilize the available

administrative remedies available to address that issue.

Grievances are processed in accordance with the ODOC Administrative Rules for Inmate

Communication and Grievance Review System.  Inmates are encouraged to talk to first line staff

as their primary way to resolve disputes and, if not satisfied, to use a written inmate

communication form.  OAR 291-109-0100(3)(a).  If this does not resolve the issue, the inmate

may file a grievance if it complies with the rules.  OAR 291-109-0140(1)(a).

Inmates may grieve: (1) the misapplication of or lack of any administrative directive or

operational procedure; (2) unprofessional behavior or action directed toward an inmate by an

employee or volunteer; (3) any oversight or error affecting an inmate; (4) a program failure; or

(5) the loss or destruction of personal property. OAR 291-109-0140(2)(a)-(f). A grievance must

be filed within 30 days of the incident. OAR 291-109-0150(2) Once the inmate grievance has

been logged, the grievance coordinator sends a receipt to the inmate. OAR 291-109-0160(1)(a).

An inmate may appeal a grievance response to the functional unit manager by completing

a grievance appeal form and filing it with the grievance coordinator within fourteen days of

receipt of the response. OAR 291-109-0170(1)(a) and (b). The inmate will receive a return

receipt. OAR 291-109-0170(1)(a). If still not satisfied, the inmate may appeal the functional

unit manager's decision by completing another grievance appeal form and filing it with the

grievance coordinator within fourteen days of receipt of the response. Again, the inmate will

receive a return receipt. OAR 291-109-0170(2)(a). This final appeal is decided by an assistant

director having authority over the issue. OAR 291-109-0170(2)(a)-(c).

An inmate may file a discrimination complaint based on the inmate's own protected

status of race, color, national origin, sex, religion, age, marital status, or handicap; the protected

status of a person with whom the inmate associates; or because the inmate has opposed unlawful

discrimination. OAR 291-006-005(1). The inmate must file a written complaint with the

functional unit manager within 180 days of the alleged act of discrimination. OAR 291-006-

005(2). The inmate is entitled to a review of the functional unit manager's decision. OAR 291-

006-005(2)(c).

Thompson filed the following grievances:

| Grievance Number | Date Received | Issue | Response Sent |
| --- | --- | --- | --- |
| 2006.02.045 | 2-24-06 | lack of attention to special medical needs | 3-23-06 |
| 2006.09.052 | 9-7-06 | inability to get optical exam | 10-16-06 |
| 2006.09.053 | 9-27-06 | lack of parts for wheelchair | 10-18-06 |
| 2006.09.054 | 9-27-06 | loss of teeth due to use of prescription methadone | 11-6-06 |
| 2006.09.055 | 9-27-06 | prescription pain medication not given for several days when doctor increased the dosage | 11-21-06 |

Thompson did not appeal any of the grievance responses.  Thompson also did not file any discrimination complaints.

Thompson filed a lengthy response which centered around his denial of corporate existence and the Uniform Commercial Code.  Thompson does not deny that he failed to appeal the grievances but instead contends, without citing supporting authority, that the exhaustion requirement does not apply to him.  He is wrong.  Thompson's failure to exhaust his administrative remedies requires me to dismiss his claims.

## CONCLUSION

Defendants' Unenumerated 12B Motion to Dismiss for Failure to Exhaust (#18) is granted.  This action is dismissed without prejudice.

IT IS SO ORDERED.

Dated this _____6th_____ day of May, 2009.


　　　　　　　　　　 /s/ Garr M. King
　　　　　　　　　　Garr M. King
　　　　　　　　　　United States District Judge


Page 5 - OPINION AND ORDER